UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | Case No. 14-CV-4951 (PJS/HB) |
| Plaintiff, | |
| v. | ORDER |
| DALTON BRADY OUTLAW-SODERLIND and CERRESSO FORT, individually and d/b/a Element Boxing and Fitness; ELEMENT BOXING AND FITNESS LLC, d/b/a Element Boxing and Fitness; and JOHN DOES I-V, | |
| Defendants. | |

Kimberly M. Hanlon, KIMBERLY M. HANLON LLC, for plaintiff.

Plaintiff J & J Sports Productions, Inc. ("J & J") sued defendant Cerresso Fort and his business partner, claiming that they unlawfully intercepted and exhibited a pay-per-view boxing match in violation of 47 U.S.C. § 553.[1] *See* ECF No. 1, No. 15-CV-2330.[2] This matter is before the Court on J & J's motion for a default judgment against Fort. For the reasons that follow, the Court grants the motion and enters judgment against Fort in the amount of $11,000.

---

[1] The original complaint also asserted a claim under 47 U.S.C. § 605 and a conversion claim under state law. But at the default-judgment hearing, J & J indicated that it would not object to the Court entering judgment only on its § 553 claim and dismissing its § 605 and conversion claims without prejudice.

[2] J & J filed the original complaint under a different case number.

I.  ENTRY OF DEFAULT JUDGMENT

J & J served the summons and complaint on Fort on June 26, 2015.  ECF No. 34.[3] Fort did not respond to J & J's complaint within 21 days.  At the request of J & J, the Clerk entered default against Fort on April 15, 2016.[4]  ECF No. 39.

J & J now moves for entry of a default judgment against Fort.  ECF No. 40.  The Court held a hearing on J & J's motion on November 4, 2016.  ECF No. 48.  Fort did not appear.  The Court finds that J & J is entitled to a default judgment against Fort under Fed. R. Civ. P. 55(b)(2).

II.  DAMAGES UNDER 47 U.S.C. § 553

Section 553 authorizes recovery of both statutory damages (not to exceed $10,000) and enhanced damages (not to exceed $50,000).  *See* 47 U.S.C. § 553(c)(3). Courts have broad discretion to fix the exact amount of damages.  *See Comcast of Ill. X v. Multi-Vision Elecs., Inc.*, 491 F.3d 938, 946-47 (8th Cir. 2007).  J & J asks for $60,000 in statutory and enhanced damages.  For the reasons explained below, however, the Court will award only $11,000 in statutory and enhanced damages.

---

[3] All ECF citations are to the docket in No. 14-CV-4951, unless otherwise noted.

[4] The Clerk actually entered default against Fort twice—first in September 2015, *see* ECF No. 18, No. 15-CV-2330, and then again in April 2016, *see* ECF Nos. 36, 39, after the Court consolidated case numbers 14-CV-4951 and 15-CV-2330, *see* ECF No. 27.

*A. Statutory Damages*

Statutory damages are compensatory in nature.  They are intended to compensate the plaintiff for the harm that it suffered because of the defendant's actions. *J & J Sports Prods., Inc. v. Cortes*, No. 10-CV-1952 (RHK/JJK), 2012 WL 2370206, at *1 (D. Minn. June 22, 2012).  Here, as in *Cortes*, it would have cost the defendant at least $2,200 "to obtain a license to lawfully broadcast the boxing match in question."  *Id.* at *1; *cf.* ECF No. 41 at 18; ECF No. 43-1 at 2.  The Court will therefore award $2,200 in statutory damages to reimburse J & J for the money it lost because Fort failed to pay for a license to broadcast the boxing match.

*B. Enhanced Damages*

Enhanced damages are punitive in nature.  They are intended to "punish willful violations of the law and deter similar misconduct in the future."  *Cortes*, 2012 WL 2370206, at *2.  The plaintiff can recover enhanced damages only if the defendant acts "willfully"—that is, with a "reckless disregard of the statutory requirements," *Comcast*, 491 F.3d at 947—and "for purposes of commercial advantage or private financial gain," 47 U.S.C. § 553(c)(3)(B).

The facts here warrant an award of enhanced damages.  Fort could not have "mistakenly, innocently, or accidentally" intercepted the boxing match that he unlawfully exhibited.  ECF No. 43 at 3.  He charged his patrons $15 to $20 to view the

match.  ECF No. 42-1 at 1, 3.  And the complaint alleges—and therefore the Court must find—that Fort showed the match "[w]ith full knowledge" that he was not authorized to do so and "for purposes of direct or indirect commercial advantage or private financial gain."  ECF No. 1 at 4, No. 15-CV-2330; *cf. Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (noting that factual allegations in the complaint cannot be contested after entry of a default judgment).  Taken together, these facts support an award of enhanced damages.

In determining the proper amount of enhanced damages, courts generally multiply the statutory damages by "three to six times."  *Cortes*, 2012 WL 2370206, at *2.  In choosing an appropriate multiplier, courts consider several factors, such as the size of the viewing audience, whether the defendant was a repeat offender, and whether the defendant advertised the event or charged an entrance fee.

Two cases from this District illustrate how judges have applied these factors.  In *Joe Hand Productions, Inc. v. Feil*, No. 12-CV-1603 (SRN/AJB), 2013 WL 2936389 (D. Minn. June 14, 2013), Judge Susan R. Nelson set the enhanced damages award at three times the amount of statutory damages when the defendants "were not repeat offenders, did not promote the fight, and did not charge a cover fee," and "only eleven patrons occupied the bar on the night in question."  *Id.* at *1-2.  By contrast, in *Cortes*, Judge Richard H. Kyle set the enhanced damages at five times the amount of statutory

damages when the defendant "advertised the event with the slogan 'live boxing,'" "charged a cover fee," and drew a crowd of approximately 100 people who "assembled under a large tent" outside of a restaurant.  *Cortes*, 2012 WL 2370206, at *2.

This case falls somewhere between *Feil* and *Cortes*.  Unlike the defendants in *Feil*, Fort advertised the fight and charged an entrance fee.  ECF No. 42-1 at 1, 3.  Fort was also a repeat offender; a few months earlier, he helped organize an unauthorized showing of another boxing match.  *Id.* at 4-5.  But unlike the defendant in *Cortes*, Fort showed the fight in a church basement instead of a large outdoor tent.  *Id.* at 1.  Fewer than 40 people attended Fort's showing.  *Id.* at 2.  And Fort apparently used some of the proceeds from the unlawful showing to fund an amateur boxing program for local youth.  *Id.* at 3.  Under these circumstances, the Court will award $8,800 in enhanced damages, which represents four times the amount of statutory damages.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. Plaintiff J & J Sports Productions, Inc. ("J & J")'s motion for entry of a default judgment against defendant Cerresso Fort [ECF No. 40] is GRANTED as to Count II of J & J's complaint against Fort [ECF No. 1, No. 15-CV-2330].  J & J shall recover from Fort:

        a.        $2,200 in statutory damages;

        b.        $8,800 in enhanced damages; and

        c.        Attorney's fees and costs (as allowed by 47 U.S.C. § 553(c)(2)(C)) in an amount to be determined after J & J files a motion under Local Rule 54.3 to recover these fees and costs.

2.        Counts I and III of J & J's complaint against Fort are DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 16, 2016                s/Patrick J. Schiltz
                                                  Patrick J. Schiltz
                                                  United States District Judge